E-1

# EXHIBIT E



Fachbereich Polizei und Sicherheitsmanagement

Hochschule für Wirtschaft und Recht Berlin • Alt-Friedrichsfelde 60 • 10315 Berlin

Herrn Rechtsanwalt Alexander Sättele
Danckert Huber Bärlein Rechtsanwälte
Meierottostraße 1
10719 Berlin

**Prof. Dr. Lucian Krawczyk**

Professur für Strafrecht, Strafverahrensrecht, Verkehrsrecht

Fachbereich 5 – Polizei und Sicherheitsmanagement

Alt-Friedrichsfelde 60
10315 Berlin
T +49 (0)30 30877 - 2830
F +49 (0)30 30877 - 2819
E lucian.krawczyk@hwr-berlin.de
www.hwr-berlin.de

Berlin, 02.24.2017

Dear Mr. Sättele,

You asked me, on behalf of your client, Oliver Schmidt, to provide you with the following information about German criminal and criminal trial law for submission before a US court. Mr. Schmidt was arrested in connection with the so-called diesel scandal in the United States. I am familiar with the matter from the press. I have not been involved in it to date, either professionally or personally.

The following statements are based solely on the information I received from you, dear Mr. Sättele, as well as on the search warrant issued by the Braunschweig District Court on January 20, 2017 – 3 Gs 95-96/17 –, which you brought to my attention.

### 1. Criminal charge / culpability

It follows from the abovementioned search warrant, Mr. Schmidt is a defendant in a criminal proceeding. According to your information, this is case number NZS 411 Js 49032/15, pending with the public prosecutor's office. In the search warrant, Mr. Schmidt is charged with fraud (§ 263 Para. 1 & 3 StGB – *German Criminal Code*) –,



constructive false certification (§ 271 StGB) and criminal promotion (§ 16 Para. 1 UWG – *German Unfair Competition Act*). However, the alleged crimes appear to have been fully or at least predominantly committed in the United States and/or to affect residents of the United States. Nevertheless, pursuant to § 7 Para. 3 StGB, German criminal law is applicable to these alleged crimes as so-called foreign crimes if they are also punishable at the scene of the crime – that is, in the United States – and the alleged perpetrator – that is, Mr. Schmidt – was a German citizen at the time of the crime. According to your information, both are the case.

### 2. Status as a defendant

By no later than the execution of the search warrant on January 26, 2017, Mr. Schmidt has the status of a defendant, i.e., that public prosecutor's office suspects him of having committed the crimes described in the search warrant. As a defendant, Mr. Schmidt has the following rights, among others:

- He must have the opportunity to respond to the charges. However, he also has the right to remain silent. He may not suffer any disadvantage in other cases as a result.

- The defendant has the right to engage a defense attorney of his choosing at any time. Communication between the defendant and his attorney must be guaranteed in the event of his arrest and may not be supervised.

- The defendant has the right to request the gathering of evidence to exonerate him.

- The attorney of the defendant is authorized to inspect the case files prior to arraignment.

A so-called simple suspicion is required as justification of the character of defendant, i.e., actual circumstances must exist that at least make the commission of a crime involving the defendant appear likely. If such a simple suspicion exists,



the residence of the defendant, for example, can be searched – as was the case here – and items in his possession can be seized.

### 3.  Possibility of arrest / threshold

Under German law, the arrest of a defendant does not require the bringing of charges. It is already admissible in the so-called investigative proceedings. However, a simple suspicion is not sufficient in this case; instead, a strong suspicion must exist, i.e., the commission of a crime and the defendant's involvement in said crime must be highly likely. So-called grounds for arrest must also exist. The allowable grounds for arrest are conclusively specified in §§ 112 Para. 2 and 3, 112a StPO (*German Code of Criminal Procedure*).

It cannot be determined whether a strong suspicion exists against Mr. Schmidt. This would require a careful evaluation of the investigative files, which cannot take place, because the public prosecutor's office refuses to grant access to the files. This could be the result of the fact that the US authorities, who are prosecuting Mr. Schmidt on the same charges that are the subject of the investigative proceeding by the Braunschweig Public Prosecutor's Office, have since pressed charges against Mr. Schmidt and the courts in the United States have so far rejected a suspension of execution of the arrest warrant.

Grounds for arrest against Mr. Schmidt are unlikely to exist at this time. This could change if Mr. Schmidt were to leave the United States but not return to the Federal Republic of Germany. Then flight would be considered grounds for arrest (§ 112 Para. 2 No. 1 StPO).

Mr. Schmidt would likely be arrested if he fled from the United States to Germany while released on bail. If Mr. Schmidt were to flee from justice in the United States, thereby expressing that he is not willing to answer the charges brought against him in a formal proceeding, the public prosecutor's office or the court responsible for issuing the arrest warrant could interpret this circumstance as an indication that Mr. Schmidt would also flee from justice in Germany as soon as he threatened to suffer disadvantages as a result.



The punishment Mr. Schmidt is concretely threatened with in Germany cannot be assessed accurately at this time. The public prosecutor's office accuses him of major fraud in a large number of cases, among other things. Each individual case is punishable with imprisonment of six months to 10 years. Under German law, these individual sentences are not simply added together. Under § 54 StGB, the total sentence is formed by the increase of the highest individual sentence imposed, where it may not reach the sum of the individual sentences imposed (§ 54 Para. 2 StGB) and may not exceed 15 years (§ 38 Para. 2 StGB).

### 4.   Indictment

Whether and, if applicable, when charges are brought against Mr. Schmidt cannot be estimated. Once again, this would require access to the investigative files, which the public prosecutor's office has not granted to date.

The condition for charges being brought by the public prosecutor's office is the existence of sufficient grounds for suspicion. This means that the commission of a crime and the involvement of the defendant in said crime must be very likely. If such a suspicion exists after conclusion of the investigations, the public prosecutor's office is obligated by law to press charges. In this particular case, the prosecution service has no discretion to drop the case.

I hope that I have answered your questions in full. The above assessments were provided in an impartial manner and to the best of my knowledge and ability.

Yours faithfully,

Prof. Dr. Lucian Krawczyk

Berlin School of Economics and Law