# EXHIBIT FF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/23/2015__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                             :      15-cr-706 (VSB)

UNITED STATES OF AMERICA,        :      ORDER

                -v-                         :

NG LAP SENG,
                     Defendant.     :

------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

    Before me is the Government's appeal from the bail decision of Magistrate Judge Kevin Nathaniel Fox on October 16, 2015, for Defendant Ng Lap Seng. I heard the appeal on October 22, 2015. For the reasons stated on the record on October 22, the Government's appeal is DENIED. However, during the bail hearing on October 22, I found that the bail conditions set during the October 16 bail hearing were insufficient to guarantee Defendant's future appearance. I set forth below the entirety of Defendant Ng's bail conditions:

    1.    Home detention with electronic and GPS monitoring at 240 East 47th Street, Apt. 2C and 2D, New York, New York (the "Residence");

    2.    Defendant shall only be permitted to leave the Residence to (a) appear at the Thurgood Marshall United States Courthouse at 40 Centre Street, New

York, New York; (b) meet with his counsel, Benjamin Brafman at 767 Third Avenue, 26th Floor, New York, New York and/or Hugh Hu Mo at 225 Broadway, Suite 2702, New York, New York; or (c) to receive medical treatment, and Defendant shall provide notice and obtain the approval of Pretrial Services for such visits;

3. A $50 million personal recognizance bond, secured by $20 million in cash and the Residence, and to be co-signed by Di Meng, Ng Fei Lan, and Sun Yuan, who may reside at the Residence.

4. Defendant to surrender all of his travel documents to Pretrial Services and will make no new applications;

5. Di Meng, Ng Fei Lan, and Sun Yuan will surrender their travel documents to Pretrial Services and will make no new applications;

6. Strict Pretrial Supervision;

7. Guidepost Solutions LLC ("Guidepost") will provide an armed security team responsible for securing Defendant's presence at the Residence, ensuring his appearance in Court in the future, preventing his flight from the Southern District of New York, and ensuring his compliance with all other conditions of

2

      release, with all services of Guidepost to be paid for by Defendant;

8. The United States Attorney's Office shall review and approve the credentials of the Guidepost security team by 2 pm on Monday, October 26, 2015, and such approval shall not be unreasonably withheld;

9. Defendant consents to members of the Guidepost security detail's use of reasonable, legal force as they deem appropriate to prevent Defendant from fleeing the Southern District of New York or otherwise violating the terms of release;

10. Guidepost will provide the United States Attorney's Office with a schedule of the Guidepost's armed security team on a weekly basis;

11. Defendant shall provide the Government with a copy of the videotape taken of the Residence by Guidepost;

12. Guidepost will provide supervisors to act as the liaison and main points of contact for the United States Attorney's Office and Pretrial Services, and the supervisors shall be available/on-call at all times of day and night;

13. Defendant shall not be involved in or informed of the composition of the Guidepost security detail at any given time;

14. Guidepost shall provide the necessary interpreter services to communicate with Ng and monitor his communications with other individuals during daytime hours, and as necessary at other hours, to ensure compliance with all terms of release and Ng's safety.

15. Defendant, and other residents of the Residence, will execute a consensual Title III wiretap application for the single hardline in his apartment, with charges submitted by the service provider for the setting up and maintenance of the consensual hardline to be paid for by Defendant. All phone calls using the hardline, which shall not contain call forwarding or other similar features, will be recorded and monitored with the exception of counsel calls which will be automatically minimized.

16. Defendant shall not possess or use any cellular and/or satellite telephone or smartphone;

17. Defendant will be allowed to have a computer in the Residence, which will be loaded with a monitoring software;

18. Defendant's internet activity will be limited to (a) use of the computer with monitoring software and (b) only the websites approved by Pretrial Services and the Government, and Defendant is not use any computer

4

      or other internet-capable device that does not contain such software;

19. Defendant shall provide a list containing the identifying information of planes, including tail numbers and transponder numbers, owned by Defendant and/or his businesses/companies;

20. Defendant shall also provide a list of the names of the aircraft leasing companies with which he has contracted air transportation services, or had such services contracted on his behalf, within the past five (5) years;

21. Defendant, Pretrial Services, and the United States Attorney's Office shall meet and confer to compile a list of approved visitors to the Residence and provide that list to Guidepost, and only approved visitors will be permitted entry into the Residence by Guidepost;

22. Guidepost shall create a daily visitors log and transmit that log on a daily basis to the United States Attorney's Office and/or the Federal Bureau of Investigation;

23. All approved visitors entering the Residence will be searched by the Guidepost security detail and will surrender any cell phones, tablets, computing devices,

5

and/or travel documents to Guidepost for the duration of their visit to the Residence;

24. No approved visitors will be permitted entry to the Residence by Guidepost if they are carrying in excess of $200 or identification documents in a name other than their own; and

25. The Residence, Defendant, and Di Meng, Ng Fei Lan, and Sun Yuan will be subject to random unannounced searches conducted by Guidepost accompanied by a representative of Pretrial Services, and the date and time of such searches will be determined by Pretrial Services, without notice to Defendant or the other residents of the Residence.

26. Defendant shall not communicate with co-defendants, except in the presence of counsel.

27. Defendant to be released upon the execution of the bond described herein, including all co-signers and collateral; the surrender of all travel documents; the setting up of electronic and GPS monitoring; the setting up of the consensual Title III; the Government's approval of the Guidepost security team, and the setting up of that team, provided that Defendant is released directly into the custody of

        such team, with all other conditions to be met within 24 hours of release.

SO ORDERED.

Dated:    New York, New York
            October 23, 2015

                                          Vernon S. Broderick
                                          United States District Judge