# EXHIBIT  HH

Case 2:16-cr-20394-SFC-APP  ECF No. 50-12, PageID.1166  Filed 02/24/17  Page 2 of 10

Case 9:10-cr-80157-KAM  Document 35-1  Entered on FLSD Docket 02/17/2011  Page 1 of 9
Case 9:10-cr-80157-KAM  Document 25  Entered on FLSD Docket 01/26/2011  Page 1 of 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80157-CR-MARRA/HOPKINS

UNITED STATES OF AMERICA,

v.

ULRICH OGIERMANN and
ROBERT VAN DE WEG,

                    Defendants.
_____/

## ORDER SETTING CONDITIONS OF PRETRIAL RELEASE

This matter is before the Court on Defendants' Motion for Bail Hearing [DE 8].  The United States filed its opposition to the motion. [DE 21], and Defendants replied. [DE 22].  A hearing was held on the motion.  After considering the motion, the argument of counsel and otherwise being duly advised in the premises, it is HEREBY ORDERED AND ADJUDGED as follows:

### BACKGROUND.

A federal grand jury sitting in the Southern District of Florida returned an indictment against Defendants Ulrich Ogiermann ("Ogiermann") and Robert Van de Weg ("Van de Weg") charging them with conspiring to restrain trade in violation of the Sherman Anti-trust Act. 15 U.S.C. § 1 [DE 1].  Defendants are employed by Cargolux Airlines International S.A. ("Cargolux"), an international air transportation company that provides services for cargo.  Defendants are alleged to have conspired with others to fix certain surcharges which were included in the cargo rates charged to its customers.  *Id.*

Defendants are both residents of Luxembourg, the headquarters of Cargolux. It is undisputed that Luxembourg will not extradite Defendants to the United States to answer to these charges. Thus, the only way Defendants will be tried in this case is if they voluntarily appear or they travel to a country that will arrest and extradite them. Despite the safe-haven that Luxembourg provides to Defendants, they have expressed a desire and willingness to come to the United States voluntarily to answer the charges. Toward that end, Defendants, through their counsel, attempted to negotiate conditions of pretrial release with the United States. One condition upon which the United States insists is that Defendants personally appear in this district, surrender their passports and have their travel restricted to the Southern District of Florida. Because Defendants are foreign nationals with no ties to this district, and because of the potential sentence Defendants face if convicted, the government considers them flight risks.

On the other hand, Defendants will not come to the United States voluntarily unless they are assured that they can travel to and from the United States as needed. The government concedes that Defendants will likely need a significant amount of time to review discovery material and prepare for trial, and Defendants provided a good faith estimate of October, 2011 as a reasonable time frame to commence trial. Under these circumstances, Defendants assert that it would be unreasonable to expect them to remain in the United States for close to a year awaiting trial, away from their families and unable to work. While the United States acknowledges that the pending charges are adversely affecting Defendants' ability to carry out their business responsibilities, and therefore they have a legitimate business and financial interest in resolving this case, the government is legitimately concerned that Defendants may choose not to return to the Untied States once they are allowed to leave. Thus, the parties are at a stalemate that has

2

necessitated intervention by the Court.

### DISCUSSION.

#### A. The Court's Authority to Set Conditions of Pretrial Release.

The United States asserts that this Court does not have the authority to set conditions for Defendants' pretrial release until they physically appear before a judicial officer as defined in 18 U.S.C. § 3156(a)(1). The government relies upon the language of 18 U.S.C. § 3142(a) which provides "[u]pon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order" relating to conditions of release or detention. *See also* 18 U.S.C. § 3141(a)("[a] judicial officer . . . before whom an arrested person is brought shall order that such person be released or detained"). The government argues that the language "[u]pon the appearance" indicates that conditions of release or detention cannot be set absent the defendant's physical presence before the judicial officer. The government provides no other authority for its position.

The Court agrees with Defendants that the language upon which the government relies is not a statutory requirement for the defendant's presence, but rather a statutory protection afforded to a defendant that conditions of pretrial release or detention be resolved promptly after he first appears in court. The Court therefore concludes that, with the defendant's consent, it may exercise its discretion to impose conditions of pretrial release without the defendant's physical presence.

#### B. The Court will Impose Conditions of Pretrial Release.

After considering the factors contained in 18 U.S.C. § 3142(g), the Court concludes that Defendants should be released on a combination of conditions under § 3142(c) which will

3

reasonably assure that they will appear as required. The Court also finds that Defendants will not

pose a danger to the safety of any other person or the community.[1]  In doing so, the Court

balances the legitimate fear of the United States that absent travel restrictions Defendants are

flight risks, with the interest of Defendants to have this matter resolved so that they may continue

in their current employment and travel throughout the world to fulfill their business

responsibilities without fear of being arrested and extradited to the United States. While it is true

that there is a greater risk in this case, as compared to the typical case, that Defendants, once back

in Luxembourg, will choose to remain there and be fugitives from the American judicial system,

the Court concludes that Defendants' self-interest in resolving this case outweighs the benefits of

hiding in Luxembourg. Until this matter is resolved, Defendants will be relegated to finding new

employment that does not require travel outside of Luxembourg, or relegated to remaining in

their current employment and risking foreign travel where they would be constantly looking over

their shoulders wondering when and where they could be arrested on American warrants. The

monetary bonds that the Court will require, which will be forfeited if Defendants fail to appear as

ordered, as well as the additional criminal charges that will result from a failure to appear, will

also provide a significant incentive to assure that Defendants will return to this country to face

the charges.

And, taking a purely practical view of this case, the United States, as well as this Court,

have nothing to lose by allowing Defendants to be released on bond without travel restrictions.

Absent such an arrangement, Defendants will remain in their safe haven, and the United States

will then have to wait for them to make an error in judgment, travel to the wrong country, be

---

[1]  The United States concedes that Defendants are not a danger.

4

arrested and extradited. Such an eventuality may take years, if it ever occurs at all. Thus, the Court concludes that there is a greater likelihood this case will be resolved if Defendants' request is granted than if their request is denied.

### C. Conditions of Pretrial Release.

The conditions of pretrial release that the Court will impose on Defendants are as follows:

1) Defendant Robert Van de Weg and Defendant Ulrich Ogiermann each shall post either a cash bond, a corporate surety bond or a secured personal surety bond with a Nebbia condition, in the amount of $300,000.00.[2]  The Nebbia condition is that the collateral pledged as security is subject to Court approval. If the United States and either Defendant can agree that the Nebbia condition is satisfied, then the United States shall notify the Court.

---

[2] This amount is based upon the unverified financial resources information provided in the Pretrial Services Reports for each Defendant. According to the reports, Defendant Van de Weg has joint savings with his wife of approximately $319,000.00, excluding approximately 100,000 Euros that constitutes his wife's inheritance. This amount also excludes consideration of their checking accounts, their 2 automobiles, and approximately $347,000.00 in equity in their home. Other than their home mortgage, they do not have any outstanding debt, and they have more than enough income to pay their monthly expenses.

Defendant Ogiermann has joint savings with his wife of approximately $132,000.00, stock holdings of approximately $106,000.00, a retirement account, which he claims he cannot access, worth approximately $330,000.00, and joint investment property he owns with his wife with approximately $180,000.00 in equity. This does not include the family home owned in his wife's name free and clear which is worth in excess of $1,000,000.00. Other than a mortgage on his investment property, Ogiermann had no outstanding debts, and his salary, in conjunction with his wife's income, is more than sufficient to pay their monthly expenses.

Thus, the posting of this amount for bond by each Defendant will not adversely impact their ability to live in accordance with their current standard of living. Defendants clearly have the ability to post this amount either with currently available and unstrained assets, or by pledging some of their assets as security for a bond. If each Defendant appears for trial and complies with all conditions, as they insist they will, the assets, minus the amounts necessary to put the bonds in place, either will be returned to them at the conclusion of the case or will be release from any encumbrance. Hence, complying with this condition will not be an undue burden on them. If Defendants are unwilling to comply with this condition, it casts serious doubt on the sincerity of their assertion that they want to come to the United States to resolve this case.

2) Defendants shall personally appear in the Southern District of Florida for an initial

appearance and an arraignment.

3) After their initial appearance, Defendants shall appear before this Court at such other

places as Defendants may be required to appear, in accordance with any and all orders and

directions relating to Defendants' appearances in this case, including appearance for violation of

a condition of Defendants' release as may be ordered or notified by this Court or any other

United States District Court to which Defendants may be held to answer or the cause transferred.

Defendants are to abide by any judgment entered in such matter by surrendering to serve any

sentence imposed and obeying any order or direction in connection with such judgment.  This is

a continuing bond, including any proceeding on appeal or review, which shall remain in full

force and effect until such time as the court shall order otherwise.

4)  Defendants shall have no travel restrictions after they make an initial appearance and

are arraigned, except as provided in subparagraph 5.

5)  Defendants shall return to the Southern District of Florida 30 calendar days before this

case is scheduled for trial.  At that time, Defendants shall surrender their passports and their

travel shall be restricted to the Southern District of Florida.  Defendants shall report in person

weekly to pretrial services after they return to this district.

6)  Defendants shall have no contact with any victims or witnesses to the crime charged,

except through counsel and except as may be necessary to carry out the duties and

responsibilities of their employment.  In the event it is necessary for either Defendant to have

contact with any victim or witness to the crime charged in connection with his employment, said

Defendant shall not discuss in any manner the facts and circumstances of the case or crime

6

charged. The United States shall provide Defendants with a list of the victims and witnesses with whom Defendants are to have no contact.

7) Defendants shall not commit any act in violation of the laws of any State of the United States or any federal law of the United States of America.

8) Defendants are required to appear in court at all times as required by notice given by the Court or its clerks to the address on the bond to be posted or in open court or to the address as changed by permission from the Court. Defendants are required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case. In no event may Defendants assume that their case has been dismissed unless the Court has entered an order of dismissal.

9) Defendants shall not change their residence from the Country of Luxembourg without prior written permission from the Court. If either Defendant changes his residence within the Country of Luxembourg, he shall notify the Court of the change.

10) While on pretrial release if either Defendant leaves the Country of Luxembourg, they shall notify Pretrial Services of the dates of their travel and their destinations.

Additionally, Defendants are advised that violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. § 3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. § 401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years,

7

if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. § 1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. § 1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. § 1512 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. § 1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. § 3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

8

(3)     any other felony, the defendant shall be fined not more than $250,000 or

imprisoned not more than two years, or both;

(4)     a misdemeanor, the defendant shall be fined not more that $100,000 or

imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to

the sentence of imprisonment for any other offense.  In addition, a failure to appear may result in

the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full

amount of the bond, which may be enforced by all applicable laws of the United States.

Violation by the defendant of any of the foregoing conditions of release will result in an

immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of

the bond for any breach of one or more conditions may be declared by a judicial officer of any

United States District Court having cognizance of the above entitled matter at the time of such

breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may

be entered upon motion in such United States District Court against each surety jointly and

severally for the amount of the bond, together with interest and costs, and execution may be

issued and payment secured as provided by the Federal Rules of Criminal Procedure and other

laws of the United States.

Done and ordered in Chambers in West Palm Beach, Florida, this 26th day of January,

2011.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

9