# EXHIBIT UU

**Truong Dinh Hung v. U. S., 439 U.S. 1326 (1978)**
99 S.Ct. 16, 58 L.Ed.2d 33

KeyCite Yellow Flag - Negative Treatment
Distinguished by U.S. v. Parkes, E.D.Tenn., December 23, 2009

99 S.Ct. 16
Supreme Court of the United States

TRUONG DINH HUNG, Applicant,
v.
UNITED STATES of America.

No. A–73.
|
Aug. 4, 1978.

Application was made to Mr. Justice Brennan, as Circuit Justice, for bail pending appeal to the Court of Appeals for the Fourth Circuit from the conviction of applicant following a jury trial in the United States District Court for the Eastern District of Virginia on espionage-related charges. Mr. Justice Brennan held that evidence that applicant maintained contact with the Vietnamese ambassador in Paris, that he had not established a permanent residence in this country, and that, should applicant flee to Vietnam, the United States would have no means to procure his return was an insufficient basis for revocation of applicant's bail following his conviction where other evidence supported inference that he was not inclined to flee country.

Application granted.

West Headnotes (3)

[1]  **Bail**
     Grounds for Grant or Denial

Uncertainty of ultimate answer to an important constitutional question is not of itself sufficient reason to continue an applicant's bail pending appeal. (Per Mr. Justice Brennan as Circuit Justice.) 18 U.S.C.A. § 3148.

12 Cases that cite this headnote

[2]  **Federal Courts**
     Single justice orders

Court of Appeals' judgment that district judge did not abuse his discretion in denying defendant bail pending appeal is entitled to great deference. (Per Mr. Justice Brennan as Circuit Judge.)

13 Cases that cite this headnote

[3]  **Bail**
     Revocation or Modification of Bail

Evidence that applicant maintained contact with Vietnamese ambassador in Paris, that he had not established a permanent residence in this country, and that, should applicant flee to Vietnam, the United States would have no means to procure his return was an insufficient basis for revocation of applicant's bail pending appeal following his conviction on espionage-related charges where other evidence supported inference that he was not inclined to flee country. (Per Mr. Justice Brennan as Circuit Justice.) 18 U.S.C.A. § 3148.

15 Cases that cite this headnote

**Opinion**

**16  *1326  Mr. Justice BRENNAN.

This is an application[1] for bail pending appeal to the Court of Appeals for the Fourth Circuit from the conviction of applicant on May 19, 1978, following a jury trial in the United States District Court for the Eastern District of Virginia, of conspiracy to commit espionage (Count 1); conspiracy to violate laws prohibiting the unlawful conversion of Government property and the communication of classified information to a foreign agent (Count 2); espionage (Count 3); theft of Government property (Count 5); acting as a foreign agent without registration (Count 6); and unlawful transmission of defense information (Count 7).[2] Applicant was sentenced to 15 years' imprisonment on Counts 1 and 3, 2 years' imprisonment on Count 2, and 5 years' imprisonment on Counts 5, 6, and 7, all sentences to be served concurrently.

Truong Dinh Hung v. U. S., 439 U.S. 1326 (1978)
99 S.Ct. 16, 58 L.Ed.2d 33

The District Court admitted applicant to bail prior to trial in the amount of $250,000, but immediately after applicant's conviction revoked the bail pursuant to 18 U.S.C. § 3148 (1976 ed.), [3] stating three reasons: (1) the substantial evidence ***1327** of guilt; (2) the seriousness of the crimes and the length of ****17** the potential sentences; [4] and (3) the risk of flight, given the severity of the potential sentences and the fact that applicant was not an American citizen. The Court of Appeals in an unreported opinion sustained the revocation, stating:

"The defendant is a Vietnamese citizen. The charge upon which he was convicted involved the receipt and transmission of classified information to the Vietnamese Ambassador in Paris. The defendant has not established a permanent residence in this country, and, should he flee to Vietnam, the United States would have no means to procure his return for the imposition of sentence or for sentence service.

"Under the circumstances, we find no abuse of discretion of the district judge in denying the defendant bail pending appeal."

See Application for Release Upon Reasonable Bail, Exhibit A, p. 2.

Applicant's appeal presents, *inter alia,* an important question heretofore specifically reserved by this Court in *United States v. United States District Court,* 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972), namely, "the scope of the President's surveillance power with respect to the activities of foreign powers, within or without this country." *Id.,* at 308, 92 S.Ct., at 2312. There is a difference of view ***1328** among the Court of Appeals on this question. Compare *Zweibon v. Mitchell,* 170 U.S.App.D.C. 1, 58, 516 F.2d 594, 651 (1975) (en banc), with *United States v. Butenko,* 494 F.2d 593, 605 (CA 3 1974) (en banc). See also *Katz v. United States,* 389 U.S. 347, 359, 88 S.Ct. 507, 515, 19 L.Ed.2d 576 (1967) (Douglas, J., concurring); *id.,* at 362, 88 S.Ct., at 517 (WHITE, J., concurring). The question arises in this case because of applicant's challenge to the admission of evidence obtained from a wiretap placed in applicant's apartment over a period of approximately three months without prior judicial warrant. As phrased in the application: "The court of appeals . . . will be asked to rule upon the government's claim of power to conduct lengthy warrantless surveillance of domestic premises, in light not only of the fourth amendment but of the express authorization of 18 U.S.C. § 2516(1)(a) for the use of warrants in espionage cases."

**[1] [2]** The uncertainty of the ultimate answer to this important constitutional question is not of itself, however, sufficient reason to continue applicant's bail. Section 3148 expressly authorizes the detention of a convicted person pending appeal when "risk of flight . . . is believed to exist." It was the risk "[u]nder the circumstances" upon which the Court of Appeals rested its conclusion that "we find no abuse of discretion of the district judge in denying the defendant bail pending appeal." This judgment is entitled to "great deference." *Harris v. United States,* 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971) (Douglas, J., in chambers). Nevertheless, "where the reasons for the action below clearly appear, a Circuit Justice has a nondelegable responsibility to make an independent determination of the merits of the application." *Reynolds v. United States,* 80 S.Ct. 30, 32, 4 L.Ed.2d 46, 48 (1959) (Douglas, J., in chambers). See *Mecom v. United States,* 434 U.S. 1340, 1341, 98 S.Ct. 19, 21, 54 L.Ed.2d 49 (1977) (POWELL, J., in chambers). The question for my "independent determination" is thus whether the evidence justified the courts below in reasonably believing ****18** that there ***1329** is a risk of applicant's flight. In making that determination, I am mindful that "[t]he command of the Eighth Amendment that '[e]xcessive bail shall not be required . . .' *at the very least* obligates judges passing upon the right to bail to deny such relief only for the strongest of reasons." *Sellers v. United States,* 89 S.Ct. 36, 38, 21 L.Ed.2d 64, 66 (1968) (Black, J., in chambers).

**[3]** Given this constitutional dimension, I have concluded that the reasons relied upon by the courts below do not constitute sufficient "reason to believe that no one or more conditions of release will reasonably assure" that applicant will not flee. The evidence referred to by the Court of Appeals is that applicant maintained contact with the Vietnamese Ambassador in Paris; that he has not established a permanent residence in this country; and that, should applicant flee to Vietnam, the United States would have no means to procure his return. [5] But if these considerations suggest opportunities for flight, they hardly establish any inclination on the part of applicant to flee. And other evidence supports the inference that he is not so inclined. Applicant faithfully complied with the terms of his pretrial bail and affirmed at sentencing his faith in his eventual vindication and his intention not to flee if released on bail. He has

**Truong Dinh Hung v. U. S., 439 U.S. 1326 (1978)**
99 S.Ct. 16, 58 L.Ed.2d 33

resided continuously in this country since 1965, and has extensive ties in the community. He has produced numerous affidavits attesting to his character and to his reliability as a bail risk.[6] He has maintained a close relationship with his sister, a permanent resident of the United States since 1969. The equity in his sister's Los Angeles home constitutes a substantial measure of the security for applicant's bail. In addition, applicant's reply to the memorandum for **\*1330** the United States in opposition informs us that the "American Friends Service Committee and the National Council of Churches have come forward with large sums which are now in the registry of the court in Alexandria."

I conclude, therefore that there was insufficient basis for revocation of applicant's bail following his conviction, and that his bail should be continued at $250,000 pending decision of his appeal by the Court of Appeals. The application is therefore remanded to the District Court for the determination of further appropriate conditions of release, and for further proceedings consistent with this opinion.

**All Citations**

439 U.S. 1326, 99 S.Ct. 16, 58 L.Ed.2d 33

Footnotes

1   This application was originally presented to Mr. Chief Justice BURGER as Circuit Justice. In his absence it was referred to me.
2   See 18 U.S.C. §§ 371, 641, 793(e), 794(a) and (c), 951; 50 U.S.C. §§ 783(b) and (c) (1970 ed.).
3   The statute states in the pertinent part:
    "A person . . . who has been convicted of an offense and . . . has filed an appeal . . . shall be treated in accordance with the provisions of [18 U.S.C. § 3146] unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee . . . . If such a risk of flight . . . is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained."
4   At the time applicant faced the possibility of two life sentences as well as additional terms of imprisonment totaling 35 years. After the Court of Appeals had affirmed the District Court's revocation of bail, applicant was sentenced to a maximum of only 15 years. He has not, however, brought this fact to the attention of either the District Court or the Court of Appeals by way of a motion for reconsideration of bail revocation.
5   The Solicitor General, in his memorandum in opposition, notes in addition that applicant's parents and other close relatives still reside in Vietnam, and that applicant's lack of a passport or other travel documents would present no great obstacle to his flight.
6   Applicant has filed 11 such affidavits; affiants include Ramsey Clark, Noam Chomsky, Richard Falk, and George Wald.

**End of Document**                         © 2017 Thomson Reuters. No claim to original U.S. Government Works.