UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                             Criminal Case No. 16-20394

Oliver Schmidt, D-7,

                                                Sean F. Cox
    Defendant.                             United States District Court Judge

_____/

## ORDER DENYING DEFENDANT SCHMIDT'S
## MOTION FOR REVOCATION OF DETENTION ORDER

This criminal action is currently before the Court on Defendant Oliver Schmidt's Motion for Revocation of Detention Order. (Docket Entry No. 48). Defendant Schmidt appeared before this Court on March 16, 2017, for a hearing on this matter. For the reasons set forth below, the Court shall DENY Defendant's Motion.

**BACKGROUND**

Schmidt arrived in the United States for a vacation on December 17, 2016. Defendant Schmidt was charged by a criminal complaint on December 30, 2016. Schmidt was then arrested at the airport in Miami, Florida, as he was preparing to return to Germany.

On January 11, 2017, the grand jury returned an 18-count indictment related to the Volkswagen diesel emissions conspiracy. That Second Superceding Indictment charges Schmidt with 11 counts, including: 1) Conspiracy to Defraud the United States, to Commit Wire Fraud, and to Violate the Clean Air Act, in violation of 18 U.S.C. § 371; 2) Violation of the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A); and 3) Wire Fraud, in violation of 28 U.S.C. §§ 1343 and 2.

On January 9, 2017, and January 12, 2017, Magistrate Judge William C. Turnoff held a detention hearing in the United States District Court for the Southern District of Florida. At the conclusion of the hearing, Judge Turnoff ordered Schmidt detained, concluding that Schmidt is a flight risk and that there are no conditions of release that would reasonably assure his appearance in court. (*See* 1/12/17 Tr., attached as Ex. D to Def.'s Br.).

On February 23, 2017, Schmidt was arraigned before Magistrate Judge Steven Whalen in this district. Schmidt filed an Acknowledgment of Indictment on that same date.

On February 24, 2017, Schmidt filed the pending Motion for Revocation of Detention Order, pursuant to 18 U.S.C. 3145(b).

Pretrial Services has prepared a report for the Court, wherein Pretrial Services recommends that Schmidt be detained pending trial.

## ANALYSIS

A defendant ordered detained by a magistrate judge may file a motion for revocation of the detention order, pursuant to 18 U.S.C. § 3145(b). This Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon,* 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Delker,* 757 F.2d 1390, 1394 (3d Cir. 1985); *United States v. Koubriti,* 2001 WL 1525270 (E.D. Mich. 2001).

A criminal defendant may be detained pending trial if a judicial officer determines that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community ..." 18 U.S.C. § 3142(e). "[I]n determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community,"

the Court shall "take into account the available information" concerning the various factors enumerated in § 3142(g), which include: 1) the nature and circumstances of the offenses charged (§ 3142(g)(1)); 2) the weight of the evidence against the person (§ 3142(g)(2)); 3) the history and characteristics of the person, including: a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appear at court proceedings and b) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law (§ 3142(g)(3)); and 4) the nature and seriousness of the danger to any person the community that would be posed by the person's release (§ 3142(g)(4)).

As to the nature and circumstance of the charges, the charges against Schmidt in the Second Superceding Indictment are very serious and weigh in favor of detention. Schmidt is charged with participating in a large-scale criminal conspiracy to defraud the United States. The charges against Schmidt include: 1) Conspiracy to Defraud the United States, to Commit Wire Fraud, and to Violate the Clean Air Act, in violation of 18 U.S.C. § 371 (Count 1); 2) Violation of the Clean Air Act, in violation of 42 U.S.C. § 7413(c)(2)(A) (Counts 9-10); and 3) Wire Fraud, in violation of 28 U.S.C. §§ 1343 and 2 (Counts 11-18). For Count 1, Schmidt is facing a term of imprisonment up to five years. For Counts nine and ten, he faces up to two years imprisonment. For counts 11 through 18, Schmidt faces up to twenty years imprisonment. If he were to be convicted of these crimes, Schmidt's potential sentence could be significant.

This Court has carefully considered Defendant Schmidt's history and characteristics.

Defendant Schmidt is a forty-eight year old German citizen, who resides in Germany with his wife.  Schmidt has no familial ties to the United States.  Moreover, Germany is a country that does not extradite its citizens to the United States.

Schmidt previously worked in the United States for a few years and he and his wife do have some minimal ties to the community.  Schmidt and his wife, who actually got married in the United States, both work in Germany.  They do travel to Florida on an annual basis, and own some income property in Florida.  The vast majority of Schmidt's assets, however, and his family, are located overseas.

While Schmidt has no prior criminal history, again, the charges in the indictment in this case are very serious.  The nature of the charges and the lengthy potential sentence Schmidt faces, combined with his German citizenship and substantial ties to a country with which extradition is not attainable, make Schmidt a serious flight risk.

After considering the record in light of the above factors, this Court concludes that the Government has established by a preponderance of the evidence that there is a serious risk that Schmidt will not appear for trial. This Court further finds that, based upon the credible testimony and information submitted at the detention hearing and the hearing before this Court, Schmidt should be detained pending trial because there is no condition or combination of conditions that will reasonably assure his appearance.

## CONCLUSION & ORDER

Having considered the factors set forth in § 3142(g), the Court concludes that the Government has established by a preponderance of the evidence that there is a serious risk that Schmidt will not appear for trial and that he should be detained pending trial because there is no

condition or combination of conditions that will reasonably assure his appearance. Accordingly,

IT IS ORDERED that Defendant Schmidt's Motion for Revocation of Detention Order is

DENIED.

    IT IS SO ORDERED.

                                            s/Sean F. Cox
                                            Sean F. Cox
                                            United States District Judge

Dated:  March 16, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 16, 2017, by electronic and/or ordinary mail.

                                            s/Jennifer McCoy
                                            Case Manager